| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>By: Susan Fagan-Rodriguez, Esq (ID#042141989)<br>**RODRIGUEZ LAW GROUP, LLC**<br>14 Elm Street<br>Morristown, NJ 07960<br>Ph: (973) 998-7973<br>Fax: (973) 998-7974<br>Attorneys for Defendant, Tower DBW REO VI, LLC | |
| In Re:<br>      ANNIE L. EVANS<br><br>      **Debtor.** | Chapter 13 Proceeding<br><br>**Case No.: 20-10126 (SLM)**<br><br>Judge: SLM |
| **ANNIE L. EVANS,**<br><br>      **Plaintiff,**<br>v.<br><br>**TOWER DBW REO VI, LLC,**<br><br>      **Defendant.** | **Adversary Proceeding No: 20-01029 (SLM)**<br><br>**ANSWER AND AFFIRMATIVE DEFENSES BY TOWER DBW REO VI, LLC** |

The Defendant, Tower DBW REO VI, LLC ("Tower") with an address 10 Park Place, Morristown, NJ 07960, by and through its attorneys, hereby answers the above-captioned Adversary Complaint as follows:

### PARTIES

    1. Tower lacks sufficient knowledge to either admit or deny the allegations contained in ¶ 1 of the complaint, and leaves Plaintiff to her proofs.

2. Tower lacks sufficient knowledge to either admit or deny the allegations contained in ¶ 2 of the complaint, and leaves Plaintiff to her proofs.

3. Tower admits to the allegations contained in ¶ 3 of the complaint.

## JURISDICTION AND VENUE

4. Tower lacks sufficient knowledge to either admit or deny the allegations contained in ¶ 4 of the complaint as it calls for a legal conclusion, and leaves Plaintiff to her proofs.

5. Tower lacks sufficient knowledge to either admit or deny the allegations contained in ¶ 5 of the complaint as it calls for a legal conclusion, and leaves Plaintiff to her proofs.

6. Tower lacks sufficient knowledge to either admit or deny the allegations contained in ¶ 6 of the complaint as it calls for a legal conclusion, and leaves Plaintiff to her proofs.

7. Tower lacks sufficient knowledge to either admit or deny the allegations contained in ¶ 7 of the complaint as it calls for a legal conclusion, and leaves Plaintiff to her proofs.

## FACTS COMMON TO ALL COUNTS

8. Tower lacks sufficient knowledge to either admit or deny the allegations contained in ¶ 8 of the complaint, and leaves Plaintiff to her proofs.

9. Tower admits the allegations set forth in ¶ 9 of the complaint.

10. Tower admits the allegations set forth in ¶ 10 of the complaint.

11. Tower admits the allegations set forth in ¶ 11 of the complaint.

12. Tower admits the allegations set forth in ¶ 12 of the complaint.

13. Tower admits the allegations set forth in ¶ 13 of the complaint.

14. Tower denies the allegations set forth in ¶ 14 of the complaint since at the Tax Sale the subject premises were sold to Defendant's predecessor subject to the right of redemption.

15. Tower lacks sufficient knowledge to either admit or deny the allegations contained in ¶ 15 of the complaint, and leaves Plaintiff to her proofs. Although, Defendant denies that the subject property has a fair market valuation of $300,000.

## COUNT I

16. Tower lacks sufficient knowledge to either admit or deny the allegations contained in ¶ 16 of the complaint, but leaves Plaintiff to his proofs.

17. Tower lacks sufficient knowledge to either admit or deny the allegations contained in ¶ 17 of the complaint, and leaves Plaintiff to her proofs.

18. Tower lacks sufficient knowledge to either admit or deny the allegations contained in ¶ 18 of the complaint, and leaves Plaintiff to her proofs.

19. Tower lacks sufficient knowledge to either admit or deny the allegations contained in ¶ 19 of the complaint, and leaves Plaintiff to her proofs.

20. Tower denies the allegations set forth in ¶ 20 of the complaint.

21. Tower denies the allegations contained in ¶ 21 of the complaint as it calls for a legal conclusion, and leaves Plaintiff to her proofs.

**WHEREFORE**, Defendant, TOWER DBW REO VI, LLC, demands judgment on Count I of the Complaint for the following:

    a. Dismissing the Adversary Proceeding Complaint;

    b. For such other and further relief as the Court deems just.

## COUNT II

22. Tower repeats and re-alleges its responses to paragraphs 1-21 of the complaint as if fully set forth herein at length.

23. Tower denies the allegations set forth in ¶ 23 of the complaint.

24. Tower lacks sufficient knowledge to either admit or deny the allegations contained in ¶ 24 of the complaint, and leaves Plaintiff to her proofs

25. Tower denies the allegations set forth in ¶ 25 of the complaint as it calls for a legal conclusion, and leaves Plaintiff to her proofs.

**WHEREFORE**, Defendant, TOWER DBW REO VI, LLC, demands judgment on Count II of the Complaint for the following:

    a. Dismissing the Adversary Proceeding Complaint;

    b. For such other and further relief as the Court deems just.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint is barred by a failure to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

The Complaint is barred by the Rooker-Feldman Doctrine.

### THIRD SEPARATE DEFENSE

The Complaint is barred by N.J.S.A. 54:5-87.

### FOURTH SEPARATE DEFENSE

The Complaint is barred by estoppel.

### FIFTH SEPARATE DEFENSE

The relief sought in the complaint is barred by lack of jurisdiction.

### SIXTH SEPARATE DEFENSE

The Complaint is barred by the Plaintiff's lack of standing.

**RODRIGUEZ LAW GROUP, LLC**
Attorneys for Defendant,
Tower DBW REO VI, LLC

By: /s/ Susan B. Fagan-Rodriguez
Susan B. Fagan-Rodriguez, Esq.